IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-431-BO

| | |
|---|---|
| HOPE L. BAKER,<br>  Plaintiff,<br><br>v.<br><br>CAROLYN COLVIN,<br>Acting Commissioner of Social Security,<br>  Defendant. | )<br>)<br>)<br>)      **ORDER**<br>)<br>)<br>)<br>)<br>) |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 23, 25]. A hearing on this matter was held in Raleigh, North Carolina, on May 12, 2015, at which the Commissioner appeared by video feed. For the reasons discussed below, plaintiff's motion is GRANTED, defendant's motion is DENIED, and the judgment of the Commissioner is REVERSED.

## BACKGROUND

Plaintiff applied for Title II disability insurance benefits and Title XVI supplemental security income on October 18, 2010, with an alleged onset date of September 20, 2009. [Tr. 155, 258]. Her date last insured was December 31, 2012. [Tr. 49]. Plaintiff's applications were denied initially and upon reconsideration. An Administrative Law Judge (ALJ) held a video hearing on January 8, 2013. The ALJ rendered an unfavorable decision and the Appeals Council denied Ms. Baker's request for review, rendering the ALJ's decision the final decision of the Commissioner. Ms. Baker now seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the Court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work and, fifth, if the impairment prevents the claimant from doing other work. *Id.* The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

At step one, the ALJ determined that plaintiff met the insured status requirements and had not engaged in substantial gainful activity from her alleged onset date through her date last insured. [Tr. 49]. Ms. Baker's degenerative disc disease of the cervical and lumbar spine, degenerative joint disease, hypertension, obesity, borderline intellectual functioning, personality

2
Case 5:14-cv-00431-BO   Document 29   Filed 05/21/15   Page 2 of 5

disorder, anxiety, and major depressive disorder qualified as severe impairments at step two but were not found to meet or equal a Listing at step three. [Tr. 49]. The ALJ did not compare the facts to the criteria of Listing 1.04A, although he did discuss the facts as they related to other potential Listings. [Tr. 50]. The ALJ then found that Ms. Baker had the RFC to perform light work with occasional climbing and balancing and frequent stooping, kneeling and crouching and crawling. She was limited to occasional overhead reaching with her left arm, performing simple, unskilled work free of fast-paced production in a low stress environment and avoiding concentrating exposure to hazards. [Tr. 51]. Though the ALJ found at step four that plaintiff could no longer perform her past relevant work, the ALJ ultimately determined that she was not disabled because she could perform the jobs of shipping receiving weigher, ticker seller, linen grader, and addresser. [Tr. 59–61].

Despite the fact that the ALJ noted that plaintiff's degenerative disc disease of the cervical and lumbar spine constituted a severe impairment, the ALJ did not compare the criteria of disability Listing 1.04A to the facts of the case in any way at step three. The ALJ merely mentioned Listing 1.04A, noting without further analysis that "the evidence does not support that the claimant's impairments meets or medically equals the criteria . . . ." [Tr. 50]. Disability Listing 1.04A is met when the claimant suffers from a spinal disorder resulting in compression of the spinal cord or a nerve root characterized by, *inter alia*, neo-anatomical distribution of pain, limitation of motion of the spine, motor loss accompanied by sensory or reflex loss, and, if there is involvement of the lower back, a positive straight-leg raising test. 20 C.F.R. Pt. 404, Subpt. P, Appendix I § 1.04A.

The facts of the case clearly demonstrate that plaintiff met Listing 1.04A. The consultative examiner (CE) diagnosed plaintiff with degenerative disc disease of the left shoulder

3

with impingement in March 2011. [Tr. 473–76]. An MRI ordered by her orthopedist in August 2011 revealed numerous abnormalities in the cervical spine, including spinal cord impingement, degenerative changes, bilateral neural narrowing, and disc spurs. [Tr. 689]. Her orthopedist, physical therapist, and neurosurgeon all observed limited range of motion in her cervical spine, decreased strength in her left arm and hand, and decreased sensation and reflexes in her left arm and hand. [Tr.13, 33, 635, 637–38, 640, 649]. An October 2012 MRI revealed worsening degeneration through her cervical spine, including severe multilevel cervical spondylosis, severe degenerative spinal stenosis, and multilevel cord impingement. [Tr. 762–64]. A May 2013, examination by her treating neurosurgeon was notable for a finding of 2 out of 5 strength in the left hand grip, triceps, and deltoid muscles, reduced reflexes, and decreased range of motion. [Tr. 33]. Plaintiff underwent a multilevel cervical discectomy and fusion surgery on June 13, 2013. [Tr. 22–30].

Plaintiff's subjective testimony corroborates the clinical findings, as she stated that the pain in her neck had gotten worse over time and had spread into her left hand. [Tr. 89, 91]. She could not write with her left hand, open jars, grasp for coins, or lift a gallon of milk. [Tr. 93–96]. She could not raise her arms overhead, and she had to drink out of plastic cups for fear she would drop a glass cup and break it. [Tr. 93–94]. Given the objective medical records and plaintiff's testimony, it is clear that the evidence dating from, conservatively, August 2011, confirms that plaintiff meets Listing 1.04A. The evidence demonstrates that plaintiff suffers from a spinal disorder resulting in compression of the spinal cord accompanied by limitation of motion of the spine and motor loss accompanied by sensory or reflex loss. Accordingly, the Commissioner's decision is not supported by substantial evidence.

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one which "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F.Supp. 230, 236 (E.D.N.C. 19870; *see also Evans v. Heckler*, 734 F.2d 1012, 1015 (4th Cir. 1984). The Fourth Circuit has held that it is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974). Remand, rather than reversal, is required when the ALJ fails to explain his reasoning and there is ambivalence in the medical record, precluding a court from "meaningful review." *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013) (citing *Kastner v. Astrue*, 697 F.3d 642, 648 (7th Cir. 2012)). As plaintiff has demonstrated that she meets Listing 1.04A, a remand of this matter would serve no purpose. Accordingly, the decision of the Commissioner is hereby reversed and this matter is remanded for an award of benefits dating from August 2011.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings [DE 23] is GRANTED and defendant's motion for judgment on the pleadings [DE 25] is DENIED. This decision of the Commissioner is REVERSED and this matter is REMANDED to the Commissioner for an award of benefits beginning on August 2011.

SO ORDERED, this ⎯⎯ day of May, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE